By the Court.
The claim of the plaintiff in error is based upon the doctrine of lis pendens as expressed in section 5052, Revised Statutes, as follows: “When the summons has been served, or the publication made, the action is pending so as to charge third persons with notice of its pendency; and while pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff’s title.” Counsel argue that inasmuch as the purchaser under foreclosure proceedings takes the place of both mortgagor and mortgagee, and as the mortgagee was plaintiff in the foreclosure suit under which plaintiff acquired title, the defendant, who purchased at the tax sale while the action of foreclosure was pending, acquires no interest as against the title of the mortgagee in the premises involved in the foreclosure suit.
This is good doctrine as applied to interests in real estate generally, but the claim of defendant in error rests upon section 2880, Revised Statutes, which provides: “Upon the sale of any land or town lot for delinquent taxes, the lien which the state has thereon *537 'for taxes then due shall he transferred to the purchaser at such sale, ’ ’ et cetera. The lien of the state for taxes could not he ousted by a sale in foreclosure, and the state’s lien having been, by virtue of this statute, transferred to the purchaser at the sale, it was neither satisfied nor discharged by the decree in foreclosure and the sale thereunder. The taxes were a lien paramount to all other liens and claims when the foreclosure suit was commenced, and the taxes were then delinquent as shown by the treasurer’s duplicate, and before decree the auditor’s duplicate gave constructive notice that the defendant had purchased and had acquired a tax certificate. It was the duty of the plaintiff to take notice of these tax proceedings and govern itself accordingly. Not having done so it must, like other negligent parties, abide the result.

Judgment affirmed.

Davis, C. J., Shauck, Price, Crew, Summers and Spear, JJ., concur.